# COMPOSITE EXHIBIT "B"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VERNITA JENNINGS,

    Plaintiff,

v.                            Case No. 8:09-cv-00808-SDM EAJ

ALL CHILDREN'S HOSPITAL, a
Florida Non-Profit Corporation,

    Defendant.

_____/

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Defendant, All Children's Hospital, Inc. ("All Children's"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 34, requests that Plaintiff, Vernita Jennings ("Plaintiff"), produce for inspection and copying at the offices of Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, Professional Association, Bank of America Plaza, Suite 2700, 101 E. Kennedy Blvd., Tampa, Florida 33602 or at another agreeable location, within thirty (30) days from the date of this request, the originals, or if the originals are unavailable, copies of all documents hereinafter described. Therefore, to the extent that there may be some duplication, no duplicative production is requested.

**I.**     **DEFINITIONS AND INSTRUCTIONS**

    1.     The terms "document" or "documents" mean the original and all copies thereof that are different in any way from the original (whether by interlineations, receipt stamps notation, indication of copies sent or received, or otherwise) and all attached or

annexed materials to any written, typewritten, handwritten, printed, graphic, photographic, or recorded material as well as computer data files, tapes, disks, inputs or outputs, including but not limited to META data, and other computer-readable records or programs, transcripts, and copies and reproductions thereof, however produced or reproduced, now or at any time in your actual or constructive possession, custody or control. The terms "document" or "documents" shall specifically include, but not are limited to, correspondence, electronic mail ("email"), telegrams, facsimiles, telexes, memoranda, memoranda of records of meetings, conferences, telephone or other communications, pamphlets, books, notes, reports, studies, transcripts, indexes, accounting records of any kind, including bank examination reports whether state or federal, filings, records, charts, tabulations, lists, analyses, graphs, diagrams, estimates, minutes, (including board and loan committee minutes), tapes, photographs and photogenic films, sound recording tapes, phonograph records, video tapes, data compilations from which information can be obtained or can be translated into a form reasonably usable, as well as any contracts or agreements, and records of every kind and type, including any information formerly or presently kept by any method of electronic data processing or magnetic tape storage medium, including the printed output of any such electronic data processing equipment or magnetically stored information.

2.      "Plaintiff" or "you" or "your" shall mean the Plaintiff, Vernita Jennings, her agents, servants, employees, attorneys, expert witnesses, accountants, auditors, and all persons over whom Vernita Jennings has control.

3.      "Defendant" shall mean the Defendant, All Children's Hospital, Inc.

4. The terms "complaint" or "Plaintiff's complaint" or "your complaint" mean the complaint filed in this action by Vernita Jennings against All Children's Hospital, Inc., Case Number 8:09-cv-00808-SDM EAJ.

5. The term "relating to" means, in whole or in part, referring to, reflecting, constituting, containing, embodying, identifying, responding to, commenting upon, recording, discussing, showing, describing, analyzing, or in any way concerning or pertaining to.

6. The terms, "and" and "or" denote both conjunctive and disjunctive meanings.

7. When producing the documents requested herein, you are to produce all documents in their full form, without abridgement, abbreviation or editing of any form.

8. All documents are to be segregated to correspond to the numbered and lettered paragraphs and subparagraphs referred to herein.

9. All documents which you withhold from production on the basis of an asserted claim of privilege, work product or statutory authority shall be identified by:

    a. exact name and title;
    b. identity of author;
    c. identity of addressee;
    d. date of the document and all other serial or identifying numbers thereon;
    e. type of document;
    f. the general subject matter;
    g. factual or legal basis for privilege claimed;
    h. identity of custodian.

10. All documents of which you have knowledge, but which are no longer in your possession, custody or control shall be identified by:

    a. exact name and title;
    b. identity of author;

      c.    identity of addressee;
      d.    date of the document and all other serial or identifying numbers thereon;
      e.    type of document;
      f.    the general subject matter;
      g.    factual or legal basis for privilege claimed;
      h.    identity of custodian.

11. The term "person" means any individual, corporation, partnership, joint venture, group, association, body politic, government agency, unit or other organization.

12. The term "communication" refers to any transmission or transfer of information demands or questions of any kind, orally, in writing, electronically, or in any other manner at any time or place, and under any circumstances whatsoever.

## II. **DOCUMENTS TO BE PRODUCED**:

1. All emails you created, sent or received regarding any of the allegations in your complaint.

2. All documents you created, sent or received regarding any of the allegations in your complaint.

3. All documents listed in your Fed. R. Civ. P. 26 Mandatory Disclosure furnished on September 2, 2009.

4. All documents to support your claim of violation of race discrimination in violation of 42 U.S.C. § 1981 ("§ 1981") as more particularly described in count I of your complaint.

5. All documents to support your claim of violation of race discrimination in violation of the Florida Civil Rights Act ("FCRA") as more particularly described in count II of your complaint.

6. All documents relating to your alleged communication with All Children's regarding race discrimination as more particularly described in Paragraphs 24 and 29 of your Complaint.

7. All documents you provided to All Children's documenting any alleged race discrimination.

8. All documents relating to any violations of All Children's policies committed by or involving you.

9. All documents relating to the August 13, 2007 incident at All Children's.

10. All documents All Children's provided to you relating to your nails.

11. All documents you received relating to concerns about your ability to follow All Children's policies.

12. All documents you received relating to complaints about you from peers, staff, and supervisors at All Children's.

13. All documents All Children's provided to you relating to your termination.

14. All documents relating to any effort you made to mitigate your damages.

15. All documents relating to any effort you made to seek employment after your employment with All Children's was terminated.

16. All documents relating to any effort you made to obtain unemployment compensation.

17. All federal tax returns, W-2's, or any other documents reflecting any type of compensation received from your separation from All Children's through the date of your response to these requests for production of documents.

18.   All documents that you may or will attempt to admit into evidence at the trial in this cause.

19.   All documents referenced or in any way used to provide responses to the first set of interrogatories or request for admissions served upon you.

_____
LAURA E. PRATHER – TRIAL COUNSEL
Florida Bar No. 870854
leprather@trenam.com
JUSTIN J. HORAN
Florida Bar No. 0060871
jjhoran@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN,
FRYE, O'NEILL & MULLIS, P.A.
Bank of America Plaza, Suite 2700
101 E. Kennedy Boulevard (33602)
Post Office Box 1102
Tampa, FL 33602
(813) 223-7474 / (813) 229-6553 facsimile
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing has been furnished by facsimile and U.S. Mail to **Craig L. Berman, Esquire**, 111 Second Avenue N.E., Suite 706, St. Petersburg, Florida 33701, on this 6th day of October, 2009.

_____
Attorney

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VERNITA JENNINGS,

        Plaintiff,

vs.                                     Case No.  8:09-cv-00808-SDM-EAJ

ALL CHILDREN'S HOSPITAL,
a Florida Non-Profit Corporation

        Defendant.
_____/

## PLAINTIFF VERNITA JENNINGS' RESPONSE TO DEFENDANT ALL CHILDREN'S HOSPITAL'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, VERNITA JENNINGS, hereby objects and responds to Defendant, ALL CHILDREN'S HOSPITAL'S First Request for Production of Documents as follows:

### GENERAL OBJECTIONS

1. Plaintiff objects to the request to the extent the request does not provide for a reasonable time or place for production.

2. Any production of documents by Plaintiff will be subject to Plaintiff's right to object to additional production requests and the admission into evidence of any and all such documents on the grounds that they, or any of them, are irrelevant to the issues in this action or otherwise inadmissible. The responses and objections are based upon Plaintiff's present knowledge, information, and belief and are subject to amendment as Plaintiff acquires additional information.

3. Plaintiff objects to the Request for Production to the extent that it seeks production of documents subject to the attorney-client, work-product, or other privileges. In responding to these requests, Plaintiff does not waive, but rather preserves all such privileges.

4. Plaintiff objects to Defendant's definitions and instructions to the extent that they impose additional obligations not authorized by the Federal Rules of Civil Procedure.

5. Plaintiff objects to Defendant's requests for production to the extent that they do not describe with reasonable particularity the documents to be produced.

6. Plaintiff objects to Defendant's requests to the extent that they seek documents which are irrelevant to this case or not reasonably calculated to lead to the discovery of admissible evidence.

**WITHOUT WAIVING THE FOREGOING OBJECTIONS, PLAINTIFF FURTHER RESPONDS AND OBJECTS TO DEFENDANT'S NUMBERED DOCUMENT REQUESTS AS FOLLOWS:**

**Request No. 1**

**RESPONSE:** There are no e-mails other than those covered by Attorney-Client privilege

**Request No. 2**

**RESPONSE:** Documents created or sent by Plaintiff - none
Documents received by Plaintiff - See Response to Request #3

**Request No. 3**

**RESPONSE:** Documents listed in Plaintiff's Initial Disclosures and filed by Plaintiff with the FCHR - see attached

Documents filed by Defendant are in Defendant's possession, custody, and/or control

**Request No. 4**

**RESPONSE:** See Response to Request #3

**Request No. 5**

**RESPONSE:**     See Response to Request #3

**Request No. 6**

**RESPONSE:**     None in Plaintiff's possession.

**Request No. 7**

**RESPONSE:**     None in Plaintiff's possession.

**Request No. 8**

**RESPONSE:**     All such documents are in Defendant's possession, custody, and/or control

**Request No. 9**

**RESPONSE:**     All such documents are in Defendant's possession, custody, and/or control

**Request No. 10**

**RESPONSE:**     All such documents are in Defendant's possession, custody, and/or control

**Request No. 11**

**RESPONSE:**     All such documents are in Defendant's possession, custody, and/or control

**Request No. 12**

**RESPONSE:**     All such documents are in Defendant's possession, custody, and/or control

**Request No. 13**

**RESPONSE:**     All such documents are in Defendant's possession, custody, and/or control

**Request No. 14**

**RESPONSE:**     None in Plaintiff's possession.

**Request No. 15**

**RESPONSE:**   None in Plaintiff's possession.

**Request No. 16**

**RESPONSE:**   See attached Unemployment Compensation records

**Request No. 17**

**RESPONSE:**   See attached 2007 and 2008 tax returns

**Request No. 18**

**RESPONSE:**   Unknown at this time.

**Request No. 19**

**RESPONSE:**   None in Plaintiff's possession.

_____
Craig L. Berman, Esquire
BERMAN LAW FIRM, P.A.
Fla. Bar No. 068977
Plaza Tower
111 Second Avenue N.E.
Suite 706
St. Petersburg, FL 33701
Phone: (727) 550-8989
Fax: (727) 894-6251

CO- COUNSEL FOR PLAINTIFF

-and-

-4-

_____ for
Marcia S. Cohen
MARCIA S. COHEN, P.A.
111 Second Avenue N.E.
Suite 706
St. Petersburg, FL
Phone: (727) 894-4446
Fax:    (727) 894-6251
Fla. Bar No. 449296
Email: msc@marciascohen.com

CO-COUNSEL FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by U.S. Mail and facsimile this 19th day of November, 2009, upon the following:

Laura E. Prather, Esq.
TRENAM, KEMKER, SCHARF, BARKIN,
FRYE, O'NEILL & MULLIS, P.A.
P.O. Box 1102
Tampa, FL 33601

_____
Attorney