**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**VERNITA JENNINGS,**

      **Plaintiff,**

**v.**                                 **Case No. 8:09-CV-0808-T-23EAJ**

**ALL CHILDREN'S HOSPITAL,**

      **Defendant.**

_____/

## ORDER

Before the court are Plaintiff's **Motion for Protective Order** (Dkt. 19) and Defendant's **Memorandum of Legal Authority in Opposition** (Dkt. 20).

On April 30, 2009, Plaintiff, Defendant's former employee, filed claims under 42 U.S.C. § 1981 ("§ 1981") and the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. § 760.01 et seq., alleging she was discharged by Defendant because of her race (Dkt. 1).

On November 25, 2009, Defendant issued subpoenas duces tecum to four of Plaintiff's former employers (Dkt. 20 Ex. A). Each subpoena requests 1) "[a]ny and all documents pertaining to [Plaintiff]" and 2) "[a]ny and all documents that constitute, reflect, describe, refer, or relate to personnel records pertaining to [Plaintiff], including all information related to her employment with [the employer], created or maintained by [the employer's] office" ("the Records") (Id.).

Plaintiff asks the court to "protect her from the annoyance, embarrassment and oppression she would experience if Defendant were allowed to issue subpoenas to Plaintiff's former employers requesting all documents in their possession related to Plaintiff" (Dkt. 19 at 1). See Rule 26(c), Fed. R. Civ. P.

## I. Relevancy

Plaintiff contends that Defendant is on a "fishing expedition" and that the Records "could not possibly lead to the discovery of admissible evidence in this case" (Dkt. 19 at 3). Plaintiff further asserts that "subpoenas to former employers requesting confidential, private personnel documents are improper and overbroad" (Dkt. 19 at 3).

Defendant responds that the Records are relevant to Plaintiff's claim for back pay and Defendant's affirmative defense that Plaintiff failed to mitigate her damages. Defendant is correct that "a former employee's subsequent salary is relevant to the issue of mitigation of damages." Maxwell v. Health Ctr. of Lake City, Inc., No. 3:05-CV-1056-J-32MCR, 2006 WL 1627020, at *3 (M.D. Fla. June 6, 2006). However, "records showing [a plaintiff's] prior wage history are not relevant to the issue of damages." Id. Consequently, Defendant is entitled to subpoena the Records insofar as they reflect Plaintiff's salary and benefits subsequent to her termination by Defendant.

Defendant further submits that the Records are relevant to Defendant's affirmative defense of "after-acquired evidence" based on Plaintiff's failure to list prior employers on her application for employment with Defendant. The extent to which Defendant may ultimately rely on such evidence in this case remains to be seen. See Wallace v. Dunn Constr. Co., 62 F.3d 374, 379 (11th Cir. 1995) (reasoning that "the objectives of deterrence and compensation would not be served if an employee lacked standing to seek relief under [anti-discrimination] statutes because he or she misrepresented information on his or her job application").[1] At this stage of the proceedings, however, information of the sort sought by Defendant may be relevant in defending a discrimination

_____

[1] Although the Wallace court was analyzing discrimination claims under Title VII of the Civil Rights Act of 1964 and the Equal Pay Act of 1963, 62 F.3d at 377-79, the court's reasoning applies as well to claims of race-based termination from employment brought under § 1981 and the FCRA.

claim.  See generally McKennon v. Nashville Banner Publ'g Co., 513 U.S. 352, 362-63 (1995).

Defendant may subpoena any portion of the Records bearing on Plaintiff's employment history prior

to her application for employment with Defendant.

Defendant next argues that the Records may be relevant to Plaintiff's credibility.  Defendant

emphasizes that Plaintiff testified at her deposition that she was a good employee, always followed

company policy, and had never been terminated before Defendant terminated her.  Yet Defendant

fails to explain how the Records are relevant as to whether Plaintiff was a good employee and

followed company policy while working for Defendant.  Although the Records might be relevant

as to whether Plaintiff misrepresented her history of terminations, Defendant has not suggested why

Plaintiff's assertion is suspect.  Accordingly, Defendant is not entitled to subpoena records reflecting

whether Plaintiff was terminated by another employer prior to her employment with Defendant.  See,

e.g., Premer v. Corestaff Servs., L.P., 232 F.R.D. 692, 693 (M.D. Fla. 2005) (quashing the

defendant's subpoenas for entire personnel records from the plaintiff's former employers despite

argument that the records might reveal misrepresentations by the plaintiff and bear on the plaintiff's

credibility; the defendant failed to provide supporting information substantiating such a broad

search); accord Barrington v. Mortage IT, Inc., No. 07-61304-CIV, 2007 WL 4370647, at *5 (S.D.

Fla. Dec. 10, 2007) (rejecting argument that employment records held by the plaintiff's former

employers were relevant to the plaintiff's credibility where the defendant failed to demonstrate a

good faith basis for the plaintiff's lack of credibility).

Finally, Defendant contends that the Records may be relevant to the existence of any

frivolous claims previously filed by Plaintiff.  Yet Defendant has not provided any reason to infer

that Plaintiff has filed any such prior claims, frivolous or otherwise.  Thus, Defendant's subpoenas

are overly expansive in seeking such materials.  See Premer, 232 F.R.D. at 693 (quashing subpoena for records of prior complaints of religious discrimination or retaliation during previous employment because the defendant "failed to provide any reason to suspect [the plaintiff] made prior complaints"); Barrington, 2007 WL 4370647, at *5 (finding employment records concerning prior lawsuits brought by plaintiff against prior employer(s) were not relevant absent good faith demonstration that Plaintiff's credibility was at issue).

In sum, Plaintiff has shown good cause for protection from Defendant's subpoenas insofar as they seek "any and all documents pertaining to [Plaintiff]."  Pursuant to Rule 26(c)(1)(D), Fed. R. Civ. P., Defendant's subpoenas shall be narrowed to records that 1) reflect Plaintiff's salary and benefits subsequent to her termination by Defendant and/or 2) indicate whether and where Plaintiff was employed prior to her employment with Defendant.

## II.    Prejudice

Plaintiff submits that she should be protected from Defendant's subpoenas because the probative value of the Records would be outweighed by the resulting prejudice to Plaintiff stemming from their production.  Plaintiff speculates that her ability to obtain alternate employment may be prejudiced if her former employers are required to produce her personnel records because she is seeking employment with some of those employers (Dkt. 19 at 4).

In support of her argument, Plaintiff relies on Rule 403, Fed. R. Evid., which provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Plaintiff overlooks that Rule 403 bears on admissibility rather than discoverability. Whether the Records will be admissible at

4

trial need not be determined at this stage of the proceedings.  <u>See</u> Rule 26(b)(1), Fed. R. Civ. P. ("Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").  Therefore, Rule 403 does not preclude discovery of the portions of the Records this court finds relevant.

<u>Conclusion</u>

Accordingly, and upon consideration, it is **ORDERED and ADJUDGED** that:

(1)     Plaintiff's Motion for Protective Order (Dkt. 19) is **GRANTED IN PART**;

(2)     Defendant's subpoenas shall be narrowed to seek records that 1) reflect Plaintiff's salary and benefits subsequent to her termination by Defendant and/or 2) indicate whether and where Plaintiff was employed prior to her employment with Defendant.

**DONE AND ORDERED** in Tampa, Florida on this 20th day of January, 2010.


ELIZABETH A JENKINS
United States Magistrate Judge

5